**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

IN RE: )
)
**DARLEAN LEE,** ) **CASE NO. 15-33492-DHW**
) **CHAPTER 13**
Debtor. )

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM
### [Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service), and in response to the Debtor's Objection to Claim states as follows:

1.      On December 17, 2015, the Service timely filed a Proof of Claim in the total amount of $18,651.22, of which $18,406.22 was classified as unsecured priority and $245.00 was classified as unsecured general.   [Claim 1-1].

2.      On January 28, 2016, Debtor filed an objection to the claim of the Service. [Doc. 22].   Debtor disputes the liabilities listed for tax years 2013 and 2014 and requests a reduction of the priority claim.

3.      At the time the Service filed the Proof of Claim, Debtor had an unfiled tax return for tax year 2014.   The liability listed on the claim was an estimate based on information available to the Service.   Debtor's return has since been filed.   The claim was amended on February 8, 2016, to reflect the updated liability.   [Claim 1-2].

4.      Debtor also disputes the 2013 liability based on identity theft.   Based on this information, the Service amended the Proof of Claim consistent with Debtor's recently submitted 2013 tax return.

5.      The Amended Proof of Claim should resolve Debtor's objection.

6.      Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim constitutes prima facie evidence of the validity and the amount of the claim.   The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtor has the burden to overcome the claim.   See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995).   An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity.   See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Bertelt, 206 B.R. 579, 584 (Bankr. M.D. Fla. 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.'" quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla. 1997) quoting In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

Respectfully submitted this 1st day of March, 2016.

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

 /s/ DeAnne M. Calhoon
DeAnne M. Calhoon (CAL065)
Assistant United States Attorney
DeeDee.Calhoon@usdoj.gov

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101-0197
Telephone: 334-551-1714
Facsimile: 334-223-7201

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2016, I served a copy of the foregoing document, Response to Debtor's Objection to Claim, by the method indicated after each name, upon the following:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL   36104
[electronic service]

Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
[electronic service]

Joshua C. Milam
Shinbaum Law Firm, P.C.
566 South Perry Street
Montgomery, AL 36101
[electronic service]

Darlean Lee
P.O. Box 20362
Montgomery, AL 36120
[United States Postal Service]

/s/ DeAnne M. Calhoon
DeAnne M. Calhoon
Assistant United States Attorney